IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRIKA STEGALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANIBAL ALBERTO LINDO, ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE NO. <br><br> State Court of Gwinnett County <br> CAFN: 23-C-08473-S5 |

## DEFENDANT ANIBAL ALBERTO LINDO'S
## NOTICE OF REMOVAL

COMES NOW, ANIBAL ALBERTO LINDO (hereinafter "Defendant"), and within the time prescribed by law, hereby gives Notice of Removal of this action from the State Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for this removal are as follows:

1.

On November 8, 2023, Plaintiff Sherrika Stegall filed suit against Defendant in the State Court of Gwinnett County, State of Georgia. This suit is styled *Sherrika Stegall v. Anibal Alberto Lindo*, and numbered Civil Action File No. 23-C-08473-S5 in that court. A copy of the Complaint and Summons are attached hereto as Exhibit "A."

2.

In her Complaint, Plaintiff seeks to recover for personal injuries allegedly sustained as a result of a motor vehicle accident that occurred on or about January 27, 2023, on I-85 northbound at or near the intersection with Jimmy Carter Boulevard in Gwinnett County, Georgia.  (Exhibit A, Compl. at ¶ 9.)

3.

Plaintiff's Complaint alleges that "[a]s a result of the collision, Plaintiff suffered severe physical and cognitive injuries."  (Exhibit A, Compl. at ¶ 20.)

4.

Plaintiff's Complaint further alleges that Plaintiff "experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries."  (Exhibit A, Compl. at ¶ 26.)

5.

Plaintiff's Complaint further alleges that Plaintiff "experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries."  (Exhibit A, Compl. at ¶ 27.)

6.

Plaintiff's Complaint further alleges that Plaintiff "experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future." (Exhibit A, Compl. at ¶ 28.)

7.

Plaintiff's Complaint further asserts that "Plaintiff has incurred medical expenses.  Plaintiff is expected to continue to incur medical expenses as a result of the injuries sustained in the collision caused by Defendants' [sic.] negligence. Plaintiffs [sic.] are also entitled to recover non-economic damages." (Exhibit A, Compl. at ¶ 24.)

8.

Although Plaintiff's Complaint does not otherwise allege a specific amount of medical expenses, counsel for Plaintiff sent a pre-suit settlement demand to IAT Insurance Group, Inc., the Defendant's relevant insurance company in this case.  In Plaintiff's pre-suit settlement demand, Plaintiff's counsel stated Plaintiff incurred medical expenses totaling $93,904.38.  A true and correct copy of Plaintiff's pre-suit settlement demand is attached hereto as Exhibit "B."

9.

In addition, Plaintiff makes a "claim for expenses of litigation, including all costs and attorney fees, pursuant to O.C.G.A. § 13-6-11." (Exhibit A, Compl. at ¶ 31.)

10.

Although Plaintiff's Complaint does not otherwise allege a specific amount of total damages, Plaintiff's pre-suit settlement demand to IAT Insurance Group, Inc., demanded the total amount of Defendant's policy limits, which are $1,000,000. (Exhibit B, Pre-Suit Settlement Demand, at 4.)

11.

Accordingly, it is fair and reasonable to conclude that the amount in controversy exceeds $75,000 based on "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

12.

Federal Courts consider the "nature of the claims, extent of the alleged damages, and the damages sought to be probative and useful to determine whether the amount in controversy exists." Sullins v. Moreland, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021). "The court is not required to 'suspend reality or shelve common

sense' to determine whether the complaint or other documents establish the jurisdictional amount." Pretka, 608 F.3d at 770 (citing Roe v. Michelin, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)).

13.

Under 28 U.S.C. § 1446(c), a Defendant may file a notice of removal within thirty days of receipt through service or otherwise of an amended pleading, motion, order, or other paper from which it first may be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3). The thirty-day removal period does not begin to run until a defendant has been formally served with process. Murphy Bros. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

14.

Defendant was allegedly served with process through the long-arm statute by substitute service on Defendant's co-resident Donesha, as a person of suitable age and discretion residing at Defendant's usual place of abode at 715 Heartland Point Avenue, North Las Vegas, Nevada 89032, on November 20, 2023. (See Affidavit of Service, attached hereto as Exhibit "C.")

15.

Defendant's Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

16.

Diversity of citizenship exists between the parties to this action and no Defendant is a citizen of the forum state, Georgia.

17.

According to Plaintiff's Complaint, Plaintiff is a citizen and resident of the State of Georgia. (Exhibit A, Compl. at ¶ 1.)

18.

Defendant is domiciled in and a citizen and resident of the State of Nevada. (Exhibit A, Compl. at ¶ 2).

19.

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction over all citizen actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Citizens of different States." Here, Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000.

20.

Defendant has given written notice of the filing of this Notice of Removal to the Plaintiff by notifying his attorney of record: Nathan Wade, 1827 Powers Ferry Road, Building 25 Suite 100, Atlanta, Georgia, 30339.

21.

Attached hereto as Exhibit "D" and made a part hereof by reference is a true copy of the Notice of Filing Notice of Removal filed by Defendant in the State Court of Gwinnett County, Georgia.

22.

Attached hereto as Exhibit "E" are copies of all pleadings served upon the Defendant in this case.

23.

Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the procedure for removal. By virtue of 28 U.S.C. §1441 and 28 U.S.C. §1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction over this matter.

24.

Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendant Anibal Alberto Lindo prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 19th day of December, 2023.

>  /s/ Ashley D. Alfonso
>  Ashley D. Alfonso
>  Georgia Bar No. 195484
>  Swift, Currie, McGhee & Hiers, LLP
>  1420 Peachtree Street, N.E., Suite 800
>  Atlanta, GA 30309-3052
>  Tel: (404) 874-8800
>  Fax: (404) 888-6199
>  ashley.alfonso@swiftcurrie.com
>  *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the within and foregoing Defendant Anibal Alberto Lindo's Notice of Removal with the Clerk of Court, which will automatically send notification of such filing to the following attorney of record:

Nathan Wade, Esq.
Wade & Campbell Firm
1827 Powers Ferry Road
Building 25 Suite 100
Atlanta, GA 30339
admin@wadeandcampbell.com

This the 19th day of December, 2023.

/s/ Ashley D. Alfonso
Ashley D. Alfonso
Georgia Bar No. 195484
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

4853-7627-4071, v. 1